**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENWOOD DIVISION**

| | |
|---|---|
| LINDA EARWOOD, | ) |
|     Plaintiff, | ) |
| | )    No. |
| vs. | ) |
| | ) |
| ENHANCED RECOVERY COMPANY, LLC, | )    **JURY DEMAND ENDORSED HEREON** |
| | ) |
|     Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LINDA EARWOOD, by and through his attorney, JAMES M. ERVIN, and for his Complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Greenwood, South Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in South Carolina and which has its principal place of business in Jacksonville, Florida.

## ALLEGATIONS

8. During the calendar year of 2009, Defendant's representatives, agents and/or employees began repeatedly contacting Plaintiff by telephone in attempts to collect an alleged debt owed by an individual named Pat Prater (hereinafter "Prater").

9. Plaintiff repeatedly notified Defendant's representatives, agents and/or employees that Prater did not live at her residence and could not be reached at the telephone number at which Defendant was calling Plaintiff.

10. Plaintiff requested that Defendant stop placing telephone calls to Prater at her telephone number and Plaintiff was advised that she would receive no further calls from Defendant. However, Defendant's representatives, agents and/or employees continued placing telephone calls to Prater at Plaintiff's telephone number.

11. Most recently, Defendant's representative, agent and/or employee placed a call to Plaintiff on September 23, 2011 and against asked to speak with Prater. Plaintiff advised the

caller that Prater could not be reached at the telephone number at which they were calling Plaintiff and the caller advised Plaintiff that she would not be contacted again by Defendant. However, Defendant placed another telephone call to Plaintiff the very next day, seeking to reach Prater regarding the alleged debt.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5); and

   b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and/or emotional distress.

WHEREFORE, Plaintiff, LINDA EARWOOD, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Federal Bar ID No. 9537
Attorney for Plaintiffs
Luxenburg & Levin, LLC
600 Columbia Avenue
Lexington, SC 29072
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com